TO BE PUBLISHED

# Supreme Court of Kentucky

2024-SC-0294-KB

IN RE: JAMES T. JAMESON

**IN SUPREME COURT**

**OPINION AND ORDER**

James T. Jameson was admitted to the practice of law with the Kentucky Bar Association (KBA) in 2007.  He was suspended from the KBA on January 20, 2023, for failure to pay his KBA membership dues.  On March 9, 2023, Jameson filed an application for restoration pursuant to Supreme Court Rule (SCR) 3.504.  The KBA's Board of Governors referred the matter to the Inquiry Commission on March 23, 2023.  The Character and Fitness Committee (the Committee) received the investigative materials and Application for Restoration on August 21, 2023.  Office of Bar Counsel (OBC) requested a hearing on the matter before the Committee pursuant to SCR 3.502.  After notice was provided to the parties, a prehearing conference was held on March 6, 2024.  Thereafter, a formal hearing was conducted on March 25, 2024.  During the formal hearing, Jameson presented evidence that he had paid his bar dues, was current on his continuing legal education (CLE) hours, and was not the subject of a Client Security Fund claim.  He also called several witnesses to attest to his character and fitness to practice law.

Subsequently, OBC and Jameson jointly came to an agreement regarding his restoration to the KBA. Pursuant to that agreement, the parties tendered a signed joint stipulation and motion to submit to the Committee on May 2, 2024. The joint stipulation states:

1. Jameson and OBC stipulate that based upon the record, Jameson has met his burden of proof pursuant to the Rules to be restored to the practice of law; SCR 3.502(5);

2. As a condition of his restoration, Jameson and OBC agree and propose that as a condition of Jameson's restoration, Jameson shall obtain treatment for his diagnosed Attention Deficit Hyperactivity Disorder (ADHD). The treatment shall begin no later than thirty (30) days following entry of an Order by the Supreme Court restoring Applicant to the practice of law. Jameson shall simultaneously serve quarterly reports confirming that he is continuing to comply with treatment for his condition to both the Committee and OBC. The quarterly reports shall include a letter from a treatment provider, Dr. Thomas Michael Adams of Murray, Kentucky, confirming the ongoing treatment, or confirming that treatment is not recommended; or that the course of treatment has concluded. The quarterly reports shall confirm that Jameson has had at least one (1) treatment/session with his provider per quarter unless the provider indicates treatment is not recommended or that the course of treatment has concluded; and

3. Jameson acknowledges the provisions of SCR 3.504(7), which provide that if Jameson fails to comply with the condition detailed above in Paragraph 2, OBC may request extension of the condition or revocation of Jameson's license.

The Committee reviewed these joint stipulations and now recommends that this Court adopt them. The case now stands submitted to this Court pursuant to SCR 3.502(d). This Court finds no reason to order briefing in this case or engage in further review pursuant to SCR 3.370. We accordingly accept the recommendation of the Committee and order:

2

1. James T. Jameson is hereby reinstated to the practice of law in the Commonwealth;

2. James T. Jameson and OBC will abide by the terms of their joint stipulation and motion to submit; and

3. The joint stipulation and motion does not mandate that Jameson pay the certified costs of these proceedings totaling $5,727.60. The KBA's request that this Court order him to pay those costs is accordingly denied.

VanMeter, C.J.; Bisig, Conley, Keller, Lambert and Thompson, JJ.; sitting. All concur. Nickell, J., not sitting.

ENTERED: September 26, 2024.

CHIEF JUSTICE